**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JUSTIN WALSH, *individually and on behalf of all other similarly situated*,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

Civil No. 25-3929 (JRT/SGE)

**ORDER ON DEFENDANT'S MOTION TO DISMISS, DEFENDANT'S MOTION TO STAY, AND PLAINTIFF'S MOTION TO CERTIFY QUESTION**

Anne T. Regan, Sarah Loken, and Nathan D. Prosser, **HELLMUTH & JOHNSON, PLLC**, 8300 Commonwealth Drive, Eden Prairie, MN 55344; Christopher P. Renz, **CHESTNUT CAMBRONNE PA**, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401; and David W. Asp, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, for Plaintiff.

Todd A. Noteboom, William Thomson, and Alexandra Stanley, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Defendant.

After Plaintiff Justin Walsh's home suffered damage from hail, he got into a dispute with his insurer, Defendant State Farm Fire and Casualty Company ("State Farm"), over its obligations to cover that damage. He brought this case to, in his words, "address [State Farm's] unfair, deceptive, and confusing practices regarding the unlawful time limitations it places on insureds for demanding appraisal under its policies." (Not. of Removal, Ex. 1 ("Compl.") ¶ 1, Oct. 13, 2025, Docket No. 1.) Walsh brings a claim for breach of contract as well as claims under Minnesota's Unfair Claims Practices Act ("UCPA"), Minnesota's

Deceptive Trade Practices Act (DTPA), and Minnesota's Consumer Fraud Act (CFA). (*Id.* ¶¶ 49–84.) Walsh also seeks to represent a class. (*See id.* ¶¶ 45–48.)

State Farm now moves to dismiss all of Walsh's claims with prejudice. The Court will dismiss all of Walsh's pending claims but only some with prejudice. With respect to Walsh's breach of contract claim, the Court will grant State Farm's Motion to Dismiss because it concludes that Minnesota's statute of limitations period applies to claims and requests for appraisal and because State Farm's one-year statute of limitations period for hail claims is not unlawfully short. With respect to Walsh's claims under the UCPA, the Court will grant State Farm's Motion to Dismiss because there is no private right of action. With respect to Walsh's fraud claims under the DTPA and CFA, the Court finds these claims are not pled with sufficient particularly, and it will dismiss these claims without prejudice.

Because there are similar cases against State Farm pending in the Minnesota state courts, State Farm moved to stay this action and Walsh moved to certify certain questions related to this action to the Minnesota Supreme Court. Because the Court concludes that the resolution of the proposed questions is sufficiently clear, the Court will deny both motions.

## BACKGROUND

### I. FACTS

#### A. Facts in the Complaint

On or about September 29, 2023, a severe storm damaged Walsh's property (the "Property") and other properties in his residential neighborhood. (Compl. ¶ 11.) Walsh reported the damage to State Farm, which insured the Property under a homeowner's policy. (*Id.* ¶¶ 12–13.) State Farm inspected the Property on or about June 11, 2024.[1] (*Id.* ¶ 14.) State Farm initially denied coverage on or about June 24, 2024, "claiming that the loss was due to wear and tear, not weather." (*Id.* ¶ 15.)

Walsh's contractor then contacted State Farm and explained that it was working on numerous other properties in Walsh's neighborhood that were damaged by the September 2023 storm. (*Id.* ¶ 16.) State Farm then reinspected the Property, ultimately agreeing that a loss had occurred. (*Id.* ¶¶ 16–17.)

On August 21, 2024, State Farm issued a "Summary of Loss and an Explanation of Building Replacement Cost Benefits" that stated that the "estimate to repair or replace your damaged property is $8,908.39." (*Id.* ¶ 18.) On September 17, 2024, State Farm issued a "revised Summary of Loss and an Explanation of Building Replacement Cost Benefits" adjusting the total to $9,791.75. (*Id.*)

[1] State Farm notes in its Reply Brief that Plaintiff did not report his hail damage to State Farm until May 31, 2024, but this information is outside of the pleadings. (Reply Brief at 17, n.10, Jan. 15, 2026, Docket No. 31.)

Walsh asserts that the "amount of [his] loss was greater than what Defendants represented it would pay." (*Id.* ¶ 21.) Indeed, Walsh's contractor recommended full roof and window replacement, meaning the "amount of loss exceeds the amount paid by several tens of thousands of dollars." (*Id.*)

On or about November 14, 2024, Walsh contacted his State Farm agent to ask how he could request an appraisal. (*Id.* ¶ 22.) Walsh alleges his agent did not respond. (*Id.*) Walsh called again "on multiple dates in December 2024" but his agent did not respond until February 5, 2025. (*Id.* ¶¶ 23–24.) On February 13, 2025, Walsh's State Farm agent advised him to "request a written appraisal" and Walsh "demanded an appraisal in writing" on February 17, 2025, and "resubmitted his request for appraisal" on March 15, 2025. (*Id.* ¶¶ 25–27.)

On March 17, 2025, State Farm indicated that "it would give further consideration to [Walsh's] claim if he provided a contractor's estimate." (*Id.* ¶ 28.) Walsh resubmitted the estimate that he had submitted with his written request for appraisal. (*Id.* ¶ 29.)

On March 25, 2025, State Farm denied Walsh's request for appraisal stating that "it was not 'submitted within a reasonable timeframe.'" (*Id.* ¶ 30.) The letter quoted the clause from Walsh's "Homeowner's Amendatory Endorsement" which stated that "'suits against us' for losses caused by hail must be 'brought within one year of the event causing the loss or damage.'" (*Id.*) Walsh alleged that "[t]his was the first time [State Farm] notified [him] it thought his request was untimely." (*Id.*¶ 31.)

Walsh appealed, and State Farm again denied his request on April 4, 2025, claiming it was untimely. (*Id.*¶ 32.)

**B. Additional Documents Outside the Pleadings**

In support of its motion to dismiss, State Farm further submitted copies of the estimate of loss dated September 17, 2024 (Decl. of William D. Thompson ("Thompson Decl.") ¶ 2, Ex. A, Nov. 19, 2025, Docket No. 16); the estimate of loss dated August 21, 2024 (*id.*, Ex. B); the email Walsh sent to State Farm on March 15, 2025 (*id,* Ex. C); the email Walsh sent to State Farm on March 17, 2025, with his estimate (*id.*, Ex. D); and a copy of the State Farm "Homeowners Amendatory Endorsement (Minnesota), HO-2270.3" (*id.*, Ex. E). Each of these documents is mentioned in Walsh's Complaint—but Walsh argues these exhibits are **not** embraced by the Complaint. (Mem. in Oppos., Dec. 22, 2025, Docket No. 27.)

Matters outside the pleadings generally may not be considered when deciding a Rule 12(b)(6) motion, but the Court may consider "documents necessarily embraced by the complaint . . . ." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Id.* (quoting *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003)).

With respect to Exhibits A-D, Walsh does not challenge the authenticity of these documents; Walsh merely alleges that the documents are not embraced by the Complaint. The Court disagrees and will, therefore, consider these documents.

In the estimate and revised estimate provided to Walsh by State Farm on August 21, 2024, and September 17, 2024, respectively, the "Cause of Loss" was indicated as "HAIL." (Thompson Decl., Ex. A at 5; Ex. B at 5.)

In the email Walsh sent to State Farm on March 15, 2025, Walsh refers to his claim as a "hail claim" and the damage as "hail damage to the roof, metals and the windows." (Thompson Decl., Ex. C. at 2.) In the contractor's estimate sent to State Farm on March 19, 2025, the contractor also refers to the damage as "hail damage." (*Id.*, Ex. D at 5–6.)

Walsh does claim that Exhibit E, the amendatory endorsement, "lacks an effective date" and that State Farm "has not submitted the underlying policy"—just the amendment. (*Id.*) But Walsh never actually asserts the amendatory endorsement is inauthentic. The Court will, therefore, also consider this document.

State Farm's Homeowners Amendatory Endorsement (Minnesota) states that the Policy is amended to include the following:

> **Suit Against Us.** No action will be brought against us unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage.
>
> However, if the action results from a loss caused by hail, the action must be started within one year after the occurrence causing loss or damage.

(*Id.*, Ex. E at 4–5.)

## II. PROCEDURAL HISTORY

On September 11, 2025, Walsh served a Summons and Complaint upon State Farm's registered agent. (Not. Removal ¶ 1.) Walsh then filed suit in Minnesota state court on September 15, 2025. (*Id.*) State Farm timely removed the case to federal court on October 13, 2025. (*Id.* at 13.) On November 19, 2025, State Farm moved to dismiss. (Docket No. 13.) On March 19, 2026, Walsh moved to certify questions to the Minnesota Supreme Court. (Docket No. 46.) And on April 15, 2026, State Farm moved the Court to stay this matter pending resolution of the appeal of certain cases before the Minnesota Court of Appeals. (Docket No. 56.)

# DISCUSSION

## I. STATE FARM'S MOTION TO DISMISS

### A. Standard of Review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552

F.3d 659, 665 (8th Cir. 2009). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

**B. Statute of Limitations Period for Hail Claims**

State Farm argues that the statute of limitations period for hail claims is one year because (1) its Policy says so and (2) Minnesota's hail statute, Minn. Stat. § 65A.26, says it has to be.

Walsh alleges that the Policy's one-year statute of limitations violates Minnesota law because (1) Minnesota law requires a two-year statute of limitations in homeowner policies; (2) Minnesota's hail statute only applies to hail-only policies; and/or (3) the one-year statute of limitations period is not reasonable.

**1. Minnesota's Hail Statute & Requirements for a Two-Year Statute of Limitations**

Minnesota's hail statute states:

> **Every policy of insurance against damage by hail** issued by any company, however organized, **must provide as follows**: "In case of loss under this policy, and failure of the parties to agree as to the amount of the loss, it is mutually agreed that, on written demand of either party, the company and the insured each shall select a competent appraiser and notify the other of the appraiser selected within ten days of the demand. The appraisers shall first select a competent and disinterested umpire; and, failing for ten days to agree upon the umpire, then, on request of either appraiser, the umpire shall be selected by a judge of a court of record in the state in which the property covered is located. By mutual agreement the two appraisers may agree to have the umpire selected by a judge of a court of record and waive the ten-day provision.

> The appraisers and the umpire shall then appraise the loss. A written award of any two of these persons determines the amount of loss. The written award of a majority of these referees is final and conclusive upon the parties as to amount of loss, and this selection, unless waived by the parties, is a condition precedent to any right of action to recover for a loss. **No suit for the recovery of any claim by virtue of this policy may be sustained unless commenced within one year after the loss occurred**." The policy must also provide the form, manner, and length of notice to be given to the company by the insured of any loss sustained.

Minn. Stat. § 65A.26 (emphases added).

State Farm argues that Minn. Stat. § 65A.26 thus not only permits but, in fact, requires insurers to include a one-year limitation period for hail claims. Walsh argues that § 65A.26 should be limited to hail-only policies.

The Court concludes that Minn. Stat. § 65A.26 permits a one-year statute of limitation for hail claims so long as the one-year statute of limitation is not imposed on all types of loss or damage. The Court is persuaded by the reasoning in several recent Minnesota District Court cases.[2]

Further, the Court finds *Harmony E. Condo. Ass'n v. Falls Lake Fire & Cas. Co.*, Civ. No. 24-2048, 2024 WL 5168333 (D. Minn. Dec. 19, 2024), distinguishable. In *Harmony*, a homeowner association—Harmony—sued its insurance company—Falls Lake—to compel

[2] *Chiqui v. State Farm Fire & Casualty Co.*, No. 27-cv-25-15943 (Minn. Dist. Ct. March 16, 2026); *Josie v. State Farm Fire & Casualty Co.*, No. 27-cv-25-17839 (Minn. Dist. Ct. Feb. 17, 2026); *Lyons v. State Farm Fire & Casualty Co.*, No. 27-cv-25-14715 (Minn. Dist. Ct. Feb. 2, 2026); *Bourgeois v. State Farm Fire & Casualty Co.*, No. 71-cv-25-1949 (Minn. Dist. Ct. Mar. 17, 2026).

appraisal and appoint an umpire after a storm damaged the units Harmony managed. *Id.* at *1. Harmony's insurance policy with Falls Lake was an "all-risk insurance policy" and contained a single-suit limitation provision that required all claims, no matter the cause of loss, to be brought within one year. *Id.* But Minnesota law requires that for many types of loss, including fire, the statute of limitations must be two years. *E.g.*, Minn. Stat. § 65A.01, subd. 3 ("No suit or action . . . shall be sustainable in any court of law . . . unless commenced within two years after inception of the loss.") Thus, in *Harmony*, the Court concluded that "the hail statute [Minn. Stat. § 65A.26] applies only to hail-specific policies." *Id.* at *4.

In contrast, here, State Farm's one-year limitation period applied only to hail damage, and State Farm provided a two-year limitation period for actions related to for other types of loss or damage.[3] Thus, the Court concludes that the hail statute, Minn. Stat. § 65A.26, can apply to hail-only policies—but that it can also apply to portions of broader policies so long as it only applies to those portions which are hail-specific. This conclusion is consistent with all four recent Minnesota district court cases who have considered the issue. *See supra* n. 2.

[3] State Farm's Homeowners Amendatory Endorsement (Minnesota) states indicates that "[n]o action will be brought against [State Farm] unless . . . the action is started within two years after the occurrence causing loss or damage. However, if the action results from a loss caused by hail, the action must be started within one year after the occurrence causing loss or damage." (Thompson Decl., Ex. E at 4–5.)

**2. Reasonableness of a One-Year Statute of Limitations**

Walsh asks the Court to deny State Farm's motion to dismiss because State Farm failed to establish that the one-year statute of limitations period for hail is reasonable. The parties further dispute which party bears the burden of demonstrating the reasonableness (or unreasonableness) of a one-year statute of limitations.

**a. Affirmative Defense**

An affirmative defense can provide the basis of dismissal at the motion to dismiss stage when the existence of the defense is "apparent on the face of the complaint." *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (a statute of limitations issue is an affirmative defense, and the burden is on defendants to plead and prove bar by statutes of limitations). Dismissal of a claim as barred by a statute of limitations may be proper "if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015); *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.").

State Farm asserts an affirmative defense by arguing that Walsh's Complaint is time-barred by the one-year statute of limitations period. But, whether a statute of limitations bars a claim is a separate issue from whether a one-year statute of limitations period is reasonable.

**b. Reasonableness**

Although the burden is on State Farm to prove the statute of limitations bars Walsh's claim, the burden falls on Walsh to show the limitation period is unreasonable. *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) ("The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." (quoting *Wollman v. Gross,* 637 F.2d 544, 549 (8th Cir. 1980)); *State Farm Fire & Cas. v. Aquila Inc.*, 718 N.W.2d 879, 885 (Minn. 2006) (concluding that the burden of proving an exception to a statute of limitations defense "lies with the parties who seek to claim the benefit of the exception").

Walsh makes two arguments that the one-year limitation period is unreasonable. **First**, Walsh argues that State Farm did not comply with Minnesota's statutorily-mandated settlement loss practices—specifically, under Minn. Stat. § 72A.201, subd. 4(8), "failing to advise in writing an insured or claimant who has filed a notification of claim known to be unresolved, and who has not retained an attorney, of the expiration of a statute of limitations at least 60 days prior to that expiration" constitutes an "unfair settlement practice[]." But Minn. Stat. § 72A.201 is a provision of Minnesota's UCPA. And because the Court concludes that the UCPA does not grant a private cause of action

against an insurer (*see infra* Part I.D), the Court concludes that this argument by Walsh is insufficient to bar State Farm's invocation of the statute of limitations.[4]

**Second**, Walsh argues that Minnesota law only permits parties to a contract to shorten the six-year statute of limitations governing contracts, Minn. Stat. § 541.05, subd. 1(1), if the time fixed is not unreasonable. In support, Walsh cites *Henning Nelson Constr. Co. v. Fireman's Fund Ins. Co.,* 383 N.W.2d 645, 650–51 (Minn. 1986). But *Henning* is inapposite.[5] *Henning* considered a one-year limitation that had been agreed to by the parties, not a limitation imposed by the legislature. The six-year statute of limitations expressly does **not** apply because § 541.05 only imposes a six-year statute of limitations "upon a contract or other obligation, express or implied, **as to which no other limitation is expressly prescribed**[.]" Minn. Stat. § 541.05, subd. 1(1) (emphasis added). Here, another limitation is expressly prescribed. Minn. Stat. § 65A.26 expressly prescribes a one-year statute of limitations. The Court concludes that the one-year statute of

[4] Even if State Farm did not comply with Minn. Stat. § 72A.201, case law reinforces a conclusion that a violation of § 72A.201 does not support non-enforcement of the statute of limitations. In *Redeemer Covenant Church of Brooklyn Park v. Church Mut. Ins. Co.*, the Minnesota Court of Appeals concluded that a defendant-insurer did not waive its right to invoke a policy exclusion by its violation of a provision of the UCPA. 567 N.W.2d 71, 75–76 (Minn. Ct. App. 1997) (finding § 72A.201 "specifies no consequence for those who violate its provisions and engage in unfair practices"). The *Redeemer* court went on to conclude that even though Atlantic Mutual Insurance Company violated § 72A.201, Atlantic did not waive its right to invoke its policy exclusions. *Id*.

[5] *See Bourgeois v. State Farm Fire & Casualty Co.*, No. 71-cv-25-1949 (Minn. Dist. Ct. Mar. 17, 2026) (reaching the same concusion).

limitations of Minn. Stat. § 65A.26 is reasonable because the Minnesota legislature indicated it was proper.

The Court is not unsympathetic to Walsh. Walsh did not receive his revised loss statement until September 17, 2024—less than 10 days before the expiration of the policy limitation period, (Compl. ¶ 18), potentially making it practically impossible for him to file suit. But this is an issue for the Minnesota legislature to address, not the Court.

**C. Appraisal Demand**

Finally, Walsh argues that even if there is a one-year statute of limitations period for hail claims, there is no limitation in his policy for appraisal claims and so his appraisal claim should have been considered timely. But Walsh's claim for appraisal is also time-barred. Although the Policy contains no time limitations on Walsh's appraisal demand, a demand for appraisal brought after the passage of the suit limitation period for a lawsuit based upon the alleged loss (where no lawsuit has been filed) would be futile.

A demand for appraisal brought after the passage of the suit limitation period would be futile because a party would be unable to use the appraisal award in any legal proceeding based upon the loss. *See Johnson v. Mutual Service Cas. Ins. Co.,* 732 N.W.2d 340, 346 (Minn. Ct. App. 2007); *Ariel, Inc.* v. *State Farm Fire and Casualty Company,* 15 N.W.3d 673, 679 80 (Minn. Ct. App. 2024).

Because the Court concludes that Minnesota does not require a two-year statute of limitations for hail claims and that the one-year statute of limitations in State Farm's policy is reasonable, the Court further concludes that Walsh's claim for breach of contract

was time-barred. The Court will, therefore, grant State Farm's motion to dismiss this claim.

**D. UCPA Claims**

State Farm also seeks dismissal of Walsh's claim that State Farm's practices violate the UCPA, Minn. Stat. ¶ 72A.20 *et seq.* Minnesota Statutes § 72A.201 states that "[t]he commissioner may . . . seek and impose appropriate administrative remedies, including fines, for . . . a violation of [the UCPA]" but "[n]o individual violation constitutes an unfair, discriminatory, or unlawful practice in business, commerce, or trade for purposes of section 8.31 [which defines the additional duties of the attorney general]." Minn. Stat. § 72A.201, subd. 1. Further, the Minnesota Supreme Court has unequivocally held that "a private person does not have a cause of action for a violation of the Unfair Claims Practices Act." *Morris v. Am. Family Mut. Ins. Co.*, 386 N.W.2d 233, 238 (Minn. 1986).

Walsh nonetheless argues that the statute prohibits only a private cause of action to redress an **individual** violation of the UCPA. It would allow, he argues, for a private cause of action based on systemic practices that affect more than one individual. The Court is not persuaded.

In support of his arguments, Walsh cites to *Findling v. Grp. Health Plan, Inc.*, 998 N.W.2d 1 (Minn. 2023). *Findling* concluded that because patients are persons injured by a violation of the laws, they may bring a private action for relief under the Minnesota Health Records Act, "to require the Providers to comply with their timely disclosure obligations . . . ." *Id.* at 9.

In distinguishing *Morris*, the *Findling* court noted differences between the history of the Minnesota Health Records Act and the UCPA. *See id.* at 13–14. The *Findling* court did **not** address whether either the Attorney General or individual litigants could bring claims for a violation of the **UCPA** where a group of individuals was affected and "their cause of action benefits the public . . . ." *Id.* at 14.

The Court concludes that *Findling* did not make unclear either the holding in *Morris* or the plain language in Minn. Stat. § 72A.201. Although Walsh seeks to represent a group of plaintiffs, he is an individual and has (at best) pled specific facts of only a single violation of the UCPA. The Court will, therefore, grant State Farm's Motion to Dismiss because there is no private right of action with respect to claims under the UCPA.

## II. WALSH'S DTPA AND CFA CLAIMS

State Farm argues that Walsh's claims under the DTPA and CFA are time-barred under the Policy's one-year statute of limitations provision.

### A. Standard of Review

A plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). Rule 9(b)'s heightened pleading requirement also applies to statutory fraud claims. *Trooien v. Mansour,* 608 F.3d 1020, 1028 (8th Cir. 2010). Both Minnesota's DTPA and CFA require that a plaintiff plead false, deceptive, or misleading conduct by the defendant. *E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *BJC Health Sys. v.*

*Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "Instead, the complaint must set forth the 'who, what, when, where, and how' surrounding the alleged fraud." *E-Shops Corp.*, 678 F.3d at 663.

**1. DTPA**

The DTPA describes conduct that constitutes deceptive trade practices, including passing off goods or services as those of another, causing likelihood of confusion or of misunderstanding as to source of goods or services, and "other conduct which similarly creates a likelihood of confusion or of misunderstanding." Minn. Stat. § 325D.44, subd. 1(1), (2), (14).

Walsh claims that State Farm engaged in unfair and deceptive conduct by representing "to insureds in its Policies that loss claims are subject to separate statutes of limitation when the Legislature has determined that statutes of limitation contained in Minnesota standard fire insurance policies, and which cover multiple perils, shall be no less than two years." (Compl. ¶ 61.) The Court disagrees because the Court has concluded that Minnesota's hail statute permits a one-year statute of limitation for hail claims so long as the one-year statute of limitation is not imposed on all types of loss or damage. For at least this reason, the Court concludes that Walsh fails to plead conduct that would satisfy the "what" of Rule 9(b)'s requirement to plead with particularity.

Nevertheless, even assuming that State Farm's representation to Walsh "that loss claims are subject to separate statutes of limitation" was fraudulent (*see* Compl. ¶ 61), Walsh does not allege the who, when, or where, of this fraud claim for himself—much

less for any other proposed class plaintiff. *See, e.g.*, *Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 592-93 (D. Minn. 2014) (concluding a plaintiff failed to meet the requirement of Rule 9(b) when she did not allege who made the allegedly false statements, when the misrepresentations occurred, or in what documents or communications the misrepresentations were made). Because the Court concludes that Walsh's complaint does not satisfy the requirements of Rule 9(b), it will dismiss Walsh's claim under the DTPA without prejudice.

**2. CFA**

The CFA prohibits "[t]he act, use, or employment by any person of any fraud, unfair or unconscionable practice, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise . . . ." Minn. Stat. § 325F.69, subd. 1.

Walsh claims that State Farm engaged in "unfair, misleading and deceptive practices, omissions, and misrepresentations in the sale and business of insurance." (Compl. ¶ 69.) But the only specific conduct Walsh identifies is State Farm's "denial of requests for appraisal as untimely under the homeowner's insurance policies, when it knows that such requests are not subject to suit limitations." (*Id.* ¶ 71.) Yet Walsh pled that his demand for appraisal was brought more than one year after the event causing the loss or damage. (*Cf. id.* ¶ 11 (damage occurred on September 29, 2023) and *id.* ¶ 26 (appraisal was requested on February 13, 2025).) And, the conduct identified by Walsh cannot support a fraud claim because the Court has concluded that a demand for

appraisal brought after the passage of the suit limitation period for a lawsuit based upon the alleged loss (where no lawsuit has been filed) would be futile.

Because the Court concludes that Walsh's complaint does not satisfy the requirements of Rule 9(b), it will also dismiss Walsh's claim under the CFA without prejudice.

## III. STATE FARM'S MOTION TO STAY

State Farm moves for a stay in view of the two cases addressing this issue that are pending before the Minnesota Court of Appeals—*Chiqui v. State Farm Fire & Casualty Co.* and *Josie v. State Farm Fire & Casualty Co.* The Court concludes that the issue is not unsettled enough at this point to warrant a stay.

## IV. WALSH'S MOTION TO CERTIFY QUESTIONS TO THE MINNESOTA SUPREME COURT

Walsh asks the Court to certify two questions to the Minnesota Supreme Court:

> Does the Unfair Claim Practices Act ('UPCA'), Minn. Stat. Ch. 72A, provide a private right of action where the plaintiff alleges systemic violations of the UCPA?
>
> [and]
>
> Under an all-risk homeowner's insurance policy regulated in part by Minn. Stat. § 65A.295, what is the applicable statute of limitations for storm-related loss, where one of the causes of loss is from hail?

(Pl.'s Mot. Certify Questions Under Minn. Stat. § 480.065, Mar. 19, 2026, Docket No. 46.)[6]

Minnesota state law provides that the Minnesota Supreme Court "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." Minn. Stat. § 480.065, subd. 3. Use of a state's certification procedure by a federal district court rests in the court's sound discretion. *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974); *Allstate Ins. Co. v. Steele,* 74 F.3d 878, 881–82 (8th Cir. 1996). Though certification may "in the long run save time, energy, and resources and help[ ] build a cooperative judicial federalism," it is never obligatory, even when state law is in doubt. *Lehman,* 416 U.S. at 390–91. A federal court's "most important consideration" in deciding whether to certify a question to a state court is whether it "finds itself genuinely uncertain about a question of state law." *Johnson v. John Deere Co.,* 935 F.2d 151, 153 (8th Cir. 1991) (quoting *Tidler v. Eli Lilly & Co.,* 851 F.2d 418, 426 (D.C. Cir. 1988)). Certification "is not a procedure by which federal courts may abdicate their responsibility to decide a legal issue when the relevant sources of state law available to it provide a discernible path for the court to follow." *Tidler,* 851 F.2d at 426. Absent a "'close' question of state law or the lack of state

[6] State Farm opposes Walsh's motion but asks that if the Court does certify the questions, the second question be reformulated to: "Does an insurer violate Minnesota law by including in a homeowners policy a one-year suit-limitation period applicable only to losses caused by hail?" (Def.'s Mem. in Oppos. to Pl.'s Mot. to Certify Questions at 7, Apr. 2, 2026, Docket No. 52.)

sources, a federal court should determine all the issues before it." *Johnson,* 935 F.2d at 154 (citing *Perkins v. Clark Equip. Co.,* 823 F.2d 207, 209 (8th Cir. 1987)).

As discussed above, both questions Walsh asks the Court to certify have been recently considered by Minnesota state courts. If the state court of appeals disagrees, the Court will address the issue at that time. At this stage, the Court does not find itself genuinely uncertain about either question of state law or without a discernible path to follow. Additionally, the balancing of judicial resources and delay does not weigh in favor of certification. Certification would result in significant delay in this case. The Court will, therefore, deny Walsh's motion to certify.

**CONCLUSION**

The Court will grant State Farm's Motion to Dismiss with respect to Walsh's breach of contract and UCPA claims, and it will dismiss these claims with prejudice. With respect to Walsh's fraud claims under the DTPA and CFA, the Court finds these claims are not pled with sufficient particularly, and it will dismiss these claims without prejudice.

Because the Court concludes that the law is not unsettled enough to warrant a stay or to certify questions to the Minnesota Supreme Court, the Court will deny State Farm's motion to stay and Walsh's motion to certify.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant State Farm Fire and Casualty Company's Motion to Dismiss (Docket No. [13]) is **GRANTED in part** and Plaintiff Justin Walsh's claims for Breach of Contract (Count IV) and for Violation of the Minnesota's Unfair Claims Practices Act (Count IV) are **DISMISSED with prejudice.**
2. Plaintiff's claims for Violation of the Minnesota's Deceptive Trade Practices Act ("DTPA") (Count II) and Minnesota' Consumer Fraud Act ("CFA") (Count III) are **DISMISSED without prejudice.**
3. Defendant's Motion to Stay (Docket No. [56]) is **DENIED**.
4. Plaintiff's Motion to Certify Questions to the Minnesota Supreme Court (Docket No. [46]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 30, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge